UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division



NATHANIEL THOMAS,

      Plaintiff,

v.                                   Civil Action No.: 4:14cv105

CAROLYN W. COLVIN
ACTING COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Nathaniel Thomas's ("Plaintiff") Objections to the Report and Recommendation of the Magistrate Judge. Doc. 15. For the reasons explained below, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Magistrate Judge's Report & Recommendation ("R&R"), Doc. 14.

### I. BACKGROUND

Plaintiff does not object to the recitation of the procedural and factual background of this case contained in the R&R, which sets forth, inter alia, the following facts. Plaintiff filed an application for disability insurance benefits ("DIB") with the Social Security Administration ("SSA") on February 8, 2011, alleging a disability onset date of October 29, 2009. R&R at 2. The application alleged that Plaintiff suffered from unemployability, bilateral pes planus with heel spurs, left wrist tendonitis, a lumbosacral strain, lumbar degenerative disc disease, post-traumatic stress disorder ("PTSD"), and sleep apnea. Id. Plaintiff's application was denied

initially, as well as upon reconsideration.[1] Id. Plaintiff then requested an administrative hearing, which was conducted on February 27, 2012. Id.; see also R. 31–52. Following the hearing, Administrative Law Judge ("ALJ") Tom Duann concluded that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's claim for disability benefits. R. 12–23. Plaintiff sought to appeal the ALJ's decision, but the Appeals Council denied his request for review on September 25, 2012, making the ALJ's decision the Commissioner's final decision. R&R at 2; see also R. 1–3.

On November 26, 2012, Plaintiff filed a Complaint against the Commissioner of Social Security ("the Commissioner"), seeking judicial review of the Commissioner's decision. See Doc. 1 (4:12cv179). On November 6, 2013, Chief United States District Judge Rebecca Beach Smith of the Eastern District of Virginia vacated the Commissioner's decision and remanded the case to the ALJ. R. 589–91.

ALJ Duann conducted another hearing on March 25, 2014. R. 531–58. Following this hearing, the ALJ again concluded that Plaintiff was not disabled within the meaning of the Social Security Act and denied his claim for disability benefits. Id. at 493–510. Plaintiff sought to appeal the ALJ's decision, but the Appeals Council denied his request for review on June 30, 2014. Id. at 469–72. This denial made the ALJ's decision the Commissioner's final decision. Id.

Plaintiff filed the instant action on August 18, 2014, seeking judicial review of the Acting Commissioner's ("Defendant") decision. See Doc. 1. The Acting Commissioner filed an Answer on December 30, 2014. Doc. 5. After this Court referred this matter to a Magistrate Judge on January 6, 2015, both parties filed motions for summary judgment. Docs. 9, 11. On

---

[1] Plaintiff's initial application was denied on June 3, 2011. Certified Administrative Record ("R") 84–86. On July 29, 2011, upon reconsideration, the Social Security Administration found that the denial of Plaintiff's claim was proper. R. 90–92.

2

January 7, 2016, the Magistrate Judge issued the R&R, which concludes that substantial evidence supports the ALJ's decision. Doc. 14 at 19–31. Accordingly, the Magistrate Judge recommends that summary judgment be issued in favor of the Acting Commissioner. Id. at 31.

Plaintiff filed his objections to the R&R on January 20, 2016. Doc. 15. Defendant filed a response on February 2, 2016, Doc. 16, and this matter is now ripe for the Court's consideration.

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, the Court reviews de novo any part of a Magistrate Judge's recommendation to which a party has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id. The Court reviews those parts of a Magistrate Judge's recommendation to which a party has not objected for clear error. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315–16 (4th Cir. 2005).

In exercising de novo review of the parts of a Magistrate Judge's recommendation to which a party has properly objected, the Court analyzes the Commissioner's final decision using the same standard as that used by the Magistrate Judge. Specifically, the Court's review of the Commissioner's decision is limited to determining whether that decision was supported by substantial evidence on the record and whether the proper legal standard was applied in evaluating the evidence. 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotation mark omitted). Courts have further explained that substantial evidence is less than a preponderance of evidence, but more than a mere scintilla of evidence.

3

Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). Importantly, in reviewing the ALJ's decision the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Id. (quoting Craig, 76 F.3d at 589) (internal quotation mark omitted) (final alteration in original). Thus, if the Court finds that there was substantial evidence to support the ALJ's factual findings, even if there was also evidence to support contrary findings, the ALJ's factual findings must be upheld.

### III. ANALYSIS

Plaintiff disagrees with the ALJ's conclusion that he is not eligible for Social Security Disability Benefits. See Doc. 15 at 2. In his motion for summary judgment, Plaintiff asserts that the ALJ erred (1) by improperly rejecting the disability determination of the Department of Veterans Affairs ("VA"); (2) in failing to adequately explain his evaluation of the medical opinion of Plaintiff's primary care physician, Dr. Graham; and (3) in inappropriately rejecting Plaintiff's testimony and in acting hostile toward Plaintiff at the remand hearing. Doc. 10.

In the R&R, the Magistrate Judge rejects Plaintiff's arguments and recommends that the Acting Commissioner's final decision be affirmed, first, because the ALJ did not err in affording the VA decision slight weight. Doc. 14 at 19. Second, the Magistrate Judge found that the ALJ properly considered and explained the weight given to the medical evidence and that substantial evidence in the record supported the ALJ's decision to give minimal weight to the opinion of Dr. Graham, Plaintiff's treating physician. Id. at 22. Finally, the Magistrate Judge found that the ALJ properly assessed Plaintiff's credibility and that the remand "hearing transcript does not indicate that [the ALJ's] questioning rose to the level of 'inappropriate hostility' that biased the proceedings or prevented plaintiff from fully explaining his impairments." Id. at 28–30.

4

In his objections to the R&R, Plaintiff requests that the R&R be rejected and that summary judgment be entered in Plaintiff's favor, because the residual functional capacity ("RFC") as determined by the ALJ is not supported by substantial evidence. Doc. 15 at 3.

**A. Plaintiff Did Not Properly Raise His Objections.**

In general, "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Deaver v. Colvin, No. 5:13cv05776, 2014 WL 4639888, at *7 (S.D. W.Va. September 16, 2014) (quoting Harris v. Astrue, 2012 WL 4478143, at *5 (D.S.C. 2012) (aff'd by Harris v. Commissioner of Social Sec. Admin., 538 Fed. Appx. 293 (4th Cir. 2013)) (quoting Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996))). However, as "part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments to that issue, regardless of whether they were raised before the magistrate." Hendrix v. Colvin, No. 5:12-cv-01353, 2013 WL 2407126, at *3 (D.S.C. June 3, 2013) (quoting United States v. George, 971 F.2d 1113, 1118 (4th Cir. 1992)) (internal quotations omitted). Thus, while "parties may not raise new claims in their objections to a magistrate judge's report, [the] district court must consider new arguments respecting any existing claims." Hendrix, 2013 WL 2407126, at *3 (citing Foster v. BNP Residential Props. Ltd. P'ship, No. 2:06-cv-2440, 2008 WL 512788, at *5–6 (D.S.C. Feb. 25, 2008)). In Deaver, for example, the plaintiff objected to the ALJ's omission of limitations from his hypothetical question and his RFC to account for certain severe impairments. 2014 WL 4639888, at *7. However, "because the [p]laintiff did not raise her issue with any of the hypothetical questions in her brief in support of the pleadings before the Magistrate Judge, it [was] inappropriate to now raise them in her objections," and the Southern District of West Virginia refused to address this issue. Id.

Here, Plaintiff's objections do not contain new arguments in support of an issue that was before the Magistrate Judge but instead represent completely new claims. Originally, Plaintiff contended that (1) the ALJ improperly discounted the VA's findings in violation of the Fourth Circuit's ruling in Bird v. Commissioner of Social Security Administration, 699 F.3d 337 (4th Cir. 2012); (2) the ALJ improperly rejected the opinion of Dr. Graham; and (3) the ALJ inappropriately rejected Plaintiff's credibility. See Doc. 10 at 3. In his response in support of his motion for summary judgment, Plaintiff again argued that the ALJ failed to properly comply with Bird when considering the VA rating. Doc. 13 at 2. Nowhere in the pleadings before the Magistrate Judge did Plaintiff allege that the ALJ erred in assessing Plaintiff's difficulties in concentration, persistence, or pace, nor did Plaintiff previously allege that the ALJ erred in his evaluation of Dr. Walter's and Dr. Deaver's opinions, as he does in his objections. See Docs. 10, 13, 15 at 2–6. Just as the plaintiff in Deaver failed to raise any issue with the ALJ's hypothetical questions in her original pleadings, 2014 WL 4639888, at *7, Plaintiff here did not contest any of the hypotheticals posed to the vocational expert ("VE") in his original briefing. Although Plaintiff did note that "the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") is not supported by substantial evidence," Plaintiff limited his initial claims to whether "the ALJ improperly rejected the opinion of the primary care physician Dr. Leroy Graham and inappropriately rejected Plaintiff's credibility." Doc. 13 at 2. Therefore, the issues that Plaintiff now raises concerning whether the ALJ failed to give appropriate consideration to Plaintiff's mental impairments and whether the ALJ erred by failing to include limitations from Dr. Walter' and Dr. Deaver in the RFC represent new claims, and Plaintiff should not be able to raise these new issues in his objections by arguing that they merely represent new arguments regarding a claim that was before the Magistrate Judge.

Indeed, Plaintiff does not argue that his new claims represent additional arguments on issues already presented to the Magistrate Judge. Instead, Plaintiff bases his argument on the Fourth Circuit's recent holding in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), and notes that the "briefs in this matter were filed before the decision in Mascio was issued which is very relevant here as plaintiff specifically contends that the Magistrate Judge erred in upholding the ALJ's RFC which failed to give appropriate consideration to plaintiff's mental impairments (found at step two to cause mild limitations in maintaining concentration, persistence, or pace, and moderate limitations in social functioning), in determining his RFC before reaching step four." Doc. 15 at 3–4. The Court agrees with Defendant, however, that "while Plaintiff couches his present argument as derived from Mascio, Plaintiff's current argument is actually far more accurately characterized as an attack on the ALJ's evaluation of the medical evidence, including the ALJ's evaluation of Dr. Walter's and Dr. Deaver's assessments." Doc. 16 at 4. Thus, although this Court need not address Plaintiff's new arguments, in an abundance of caution and in the interests of fairness, the Court nonetheless will do so. Even assuming that Plaintiff's objections are properly raised, substantial evidence supports the ALJ's determination of Plaintiff's RFC, and the RFC is not in violation of the Fourth Circuit's holding Mascio, 780 F.3d 632.

**B. The ALJ Gave Appropriate Consideration to Plaintiff's Mental Impairments.**

In his objections, Plaintiff claims that "the RFC is contrary to the recent holding in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015)." Doc. 15 at 3. Specifically, Plaintiff contends that the ALJ did not adequately consider Plaintiff's difficulties in concentration, persistence, or pace in the RFC and in the hypothetical questions posed to the vocational expert ("VE"). Id. at 4. Plaintiff now also argues that the ALJ "did not explain his decision not to include the

moderate limitations in concentration and persistence [found by state-agency reviewing physicians Dr. Walter and Dr. Deaver] in his assessment of [P]laintiff's RFC based upon the acceptance of Dr. Walter's and Dr. Deaver's opinions." Id. at 5.

In Mascio, the Fourth Circuit held that the ALJ erred "by ignoring (without explanation) [the plaintiff's] moderate limitation in her ability to maintain her concentration, persistence, or pace . . ." 780 F.3d at 633. The ALJ in Mascio found that the plaintiff possessed moderate limitations in maintaining her concentration, persistence, or pace; however, the hypothetical the ALJ posed to the VE "said nothing about Mascio's mental limitations." Id. at 637–38. The Fourth Circuit specified that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Id. at 638 (citing Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). The Fourth Circuit went on to note that

> Perhaps the ALJ can explain why Mascio's moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in Masico's residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect Mascio's ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. But because the ALJ here gave no explanation, a remand is in order.

Id. District courts in this circuit have thus held that an ALJ satisfies Mascio by providing detailed discussion of a plaintiff's capacity for concentration, persistence, or pace. See, e.g., Sizemore v. Colvin, No. 5:15cv53, 2016 WL 483140, at *3 (W.D.N.C. February 5, 2016); see also St. Clair v. Colvin, No. 7:13cv00571, 2015 WL 5310777, at *5–7 (W.D. Va. Sept. 11, 2015); see also Mitchell v. Colvin, No. 7:14cv00041, 2015 WL 5690899, at *5–7 (W.D. Va. Sept. 28, 2015).

Contrary to Plaintiff's arguments, the ALJ's RFC determination is supported by substantial evidence, and his discussion of Plaintiff's capacity for concentration, persistence, or pace satisfies the Fourth Circuit's holding in <u>Mascio</u>, 780 F.3d at 638. The ALJ found that Plaintiff has the RFC "to perform light work as defined in 20 CFR 404.1567(b) involving frequent crawling, crouching, kneeling, stooping, and climbing on ramps/stairs but only occasional climbing on ladders, ropes, and scaffolds. The claimant also has a need to avoid more than occasional interaction with the public and co-workers." R. 501. The ALJ specifically determined that "with regard to concentration, persistence, or pace, the claimant has very mild difficulties at most." R. 500. The ALJ engaged in a detailed discussion when determining Plaintiff's RFC, noting, for example, that Plaintiff is able to manage money, handle bank accounts, read regularly, obtain a college degree with a 2.98 GPA, interact with family, complete household chores, drive short distances, volunteer at the Disabled American Veterans facility, go out to dinner regularly, and participate in programs at his church. <u>See</u> R. 500–09. When determining Plaintiff's RFC, the ALJ specifically found that "the claimant's social interaction is altered compared to years past, [but] the claimant's allegations that he does not want to be around people and tends to withdraw and isolate is inconsistent with" Plaintiff's activities of daily living. R. 504. The ALJ also examined Plaintiff's medical records, which "fail to identify extreme symptoms or any dependence on others." R. 504. Additionally, the ALJ sufficiently explained his decision to afford moderate weight to the psychological reviewer opinions concerning Plaintiff's "mental limitations related to concentration, persistence, and pace," finding the opinions "superseded by subsequent evidence (i.e. claimant's college degree, as well as the more recent medical records." R. 504. Therefore, the ALJ assessed Plaintiff's limitations concerning concentration, persistence, and pace as "very mild difficulties at most." R. 500.

Unlike the ALJ in Mascio, who found that the plaintiff possessed moderate limitations regarding concentration, persistence, or pace, and who did not explain why he did not incorporate those limitations into his RFC determination, 780 F.3d at 638, there is no inconsistency here between the ALJ's assessment of Plaintiff's concentration, persistence, or pace with the ALJ's determination of Plaintiff's RFC.

In addition, Plaintiff argues that the ALJ "did not include the moderate limitations in concentration and persistence in his assessment of [P]laintiff's RFC," Doc. 15 at 5; however, the ALJ clearly determined, based on the evidence discussed above, that while Plaintiff possesses moderate limitations in social functioning, his limitations in concentration and persistence are "mild," not "moderate." While the reviewing physicians, Dr. Deaver and Dr. Walter, determined that Plaintiff was moderately limited in concentration, persistence, or pace, see R. 66–67, 79–80, the ALJ afforded these opinions only moderate weight. R. 504. Affording moderate weight to opinions finding that a plaintiff suffers from a moderate limitation does not translate into ultimately finding that a moderate limitation exists. It is entirely logical that by affording only moderate – not controlling – weight to such opinions, the ALJ determined that Plaintiff suffers from a mild limitation.

Unlike the ALJ in Mascio, 780 F.3d at 638, the ALJ here explained his reasoning and incorporated the moderate social limitations and the mild limitations he found regarding concentration, persistence, or pace into his RFC determination, finding that Plaintiff "has a need to avoid more than occasional interaction with the public and co-workers." R. 501. Plaintiff argues that "the ALJ omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration and persistence." Doc. 15 at 5. However, as discussed above, the ALJ did not find moderate difficulties maintaining concentration and

persistence. Thus, it is not inconsistent with the Fourth Circuit's holding in Mascio for the ALJ to exclude these limitations from the hypotheticals he posed to the VE. 780 F.3d at 638. Indeed, the Fourth Circuit even noted that perhaps the ALJ in Mascio could properly explain why a limitation he found to exist did not translate into a limitation in the plaintiff's RFC, but the Fourth Circuit found that the ALJ erred in not so explaining. Id. Here, however, the ALJ explained why he found that Plaintiff suffered only mild limitations regarding concentration, persistence, or pace, and the ALJ also included such limitations stemming from Plaintiff's moderate social difficulties and mild limitations concerning concentration, persistence, or pace in his RFC determination. See R. 501–05. Hence, there is no inconsistency between the ALJ's assessment of Plaintiff's limitations and the RFC finding.

Additionally, unlike the hypothetical question posed to the VE in Mascio that did not include limitations that the ALJ had found to exist, the hypothetical questions the ALJ posed were not inconsistent with the ALJ's findings regarding Plaintiff's social issues and abilities regarding concentration, persistence, or pace. See R. 553–54. The Fourth Circuit in Mascio noted that had the ALJ explained why the plaintiff's moderate limitations in concentration, persistence, or pace did not translate into a limitation in his RFC, it "would have been appropriate to exclude it from the hypothetical tendered to the vocational expert." 780 F.3d at 638. Since the ALJ here explained why Plaintiff's limitations regarding concentration, persistence, or pace were not moderate, he properly excluded any such questions from the hypotheticals posed to the VE. Additionally, the ALJ did ask hypotheticals that included limitations he found to exist, such as "occasional interactions with the public, co-workers, and supervisors[] and working a low stress environment." R. 553. Another hypothetical assumed the same limitations and further limited the individual to someone who "would be off task more than

15 percent in a typical workday and will be absent for more than two days a month due to self-isolation." R. 554. Thus, there is no evidence that the ALJ failed to consider Plaintiff's mental limitations in forming his hypotheticals to the VE.

### IV. CONCLUSION

For the reasons discussed above, the Court concludes that even if Plaintiff had properly raised his objections, substantial evidence supports the ALJ's RFC determination. The Court notes that it reviewed the parts of the R&R to which Plaintiff did not object and found no clear error. Accordingly, the Court **OVERRULES** Plaintiff's objections, Doc. 15, and **ADOPTS**, in its entirety, the Magistrate Judge's Report and Recommendation, Doc. 14. The Court **DENIES** Plaintiff's Motion for Summary Judgment, Doc. 9, **GRANTS** Defendant's Motion for Summary Judgment, Doc. 11, and **AFFIRMS** the Recommendation of the Magistrate Judge that the final decision of the Acting Commissioner be upheld. Plaintiff is advised that he may appeal from this Opinion and Final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order. If Plaintiff wishes to proceed in forma pauperis on appeal, the application to proceed in forma pauperis is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **REQUESTED** to send a copy of this order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge

HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 15, 2016